Hearing Date:  December 18, 2019
Hearing Time:  3:30 p.m.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**Perfect Home Repairs, Inc.,**

                                **Chapter 11**

            **Debtor.**                    **Case No. 19-43647 (NHL)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### NOTICE OF MOTION OF THE UNITED STATES TRUSTEE
### FOR ORDER DISMISSING CHAPTER 11 CASE OR, ALTERNATIVELY,
### CONVERTING CHAPTER 11 CASE

PLEASE TAKE NOTICE that, upon the within motion and the concurrently-filed

memorandum of law and declaration, William K. Harrington, the United States Trustee for Region

2, in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (a)(5), will

move this Court before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge at the

Conrad B. Duberstein Courthouse, United States Bankruptcy Court for the Eastern District of New

York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on **December 18, 2019, at 3:30**

**p.m.,** or as soon thereafter as counsel can be heard, for the entry of an order dismissing this chapter

11 case, or, in the alternative, converting it to chapter 7, and for such other and further relief as the

Court may deem just and proper.  The original application and supporting statements are on file

with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE, that any responsive papers should be filed with the

Court, and personally served on the United States Trustee, at 201 Varick Street, Suite 1006, New

York, New York 10014, to the attention of Nazar Khodorovsky, Esq., no later than three days prior

to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil

Procedure and identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.

Dated: West Orange, New Jersey
      October 27, 2019

                        WILLIAM K. HARRINGTON
                        UNITED STATES TRUSTEE, REGION 2

*By:*    ***/s/ Nazar Khodorovsky***
        Nazar Khodorovsky
        Trial Attorney
        201 Varick Street, Suite 1006
        New York, New York 10014
        Tel. No. (212) 510-0500
        Fax No. (212) 668-2255

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**Perfect Home Repairs, Inc.,**

                                                          **Chapter 11**


                    **Debtor.**                           **Case No. 19-43647 (NHL)**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**UNITED STATES TRUSTEE'S MOTION FOR ORDER**
**DISMISSING CHAPTER 11 CASE, OR**
<u>**CONVERTING CHAPTER 11 CASE TO CHAPTER 7**</u>

TO:    THE HONORABLE NANCY HERSHEY LORD,
       UNITED STATES BANKRUPTCY JUDGE:

        William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and

(a)(5), does hereby move this Court for an order dismissing this chapter 11 case or, in the

alternative, converting this chapter 11 case to chapter 7 under 11 U.S.C. § 1112(b) (the

"Motion").  In support thereof, the United States Trustee represents and alleges as follows:

                                    **SUMMARY**

        There is cause to dismiss or convert this chapter 11 case under 11 U.S.C. § 1112(b)(4).

Specifically, Perfect Home Repairs, Inc. (the "Debtor") has failed to file any monthly operating

reports since the commencement of this case, which constitutes cause to dismiss or convert under

11 U.S.C. § 1112(b)(4)(F).  Additionally, in violation of Section 1112(b)(4)(G), no

representatives of the Debtor appeared at the scheduled Section 341(a) meeting of creditors in

this case.  Further cause to dismiss or convert this case exists due to the Debtor's failure to pay

                                        1

outstanding United States Trustee quarterly fees in violation of Section 1112(b)(4)(K).

The Court should dismiss this case because the value of the Debtor's sole valuable asset is less than the value of the secured claim encumbering it, thus leaving no funds for distributions to the Debtor's unsecured creditors.  Dismissal of this case, rather than its conversion to chapter 7 is, therefore, in the best interests of the Debtor's estate and its creditors.

## BACKGROUND

The Debtor, a corporation, commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code as a small business debtor on June 12, 2019 (the "Petition Date").  *See* ECF Doc. No. 1.  The United States Trustee has not appointed an official committee of unsecured creditors in this case.  *See* Declaration of Nazar Khodorovsky in Support of the Motion (the "Khodorovsky Declaration"), ¶ 2.

According to Schedule A/B, the Debtor has no personal property assets, and its sole valuable asset is a piece of real property in Brooklyn, New York (the "Property").  *See* Schedule A/B, ECF Doc. No. 1.  The Debtor values the Property at $550,000.  *Id.*  According to Schedule D, the Property is encumbered by a secured claim in the amount of $793,895 (the "Secured Claim").  *See* Schedule D, ECF Doc. No. 1.  According to Schedule E/F, the total value of the Debtor's unsecured claims aggregates $0.  *See* Schedule E/F, ECF Doc. No. 1.  According to the Debtor's Statement of Financial Affairs (the "SOFA"), the Debtor has not earned any revenue. *See* SOFA, questions 1, 2, ECF Doc. No. 1.

The meeting of creditors pursuant to 11 U.S.C. § 341 in this case was noticed for and held on July 22, 2019 (the "First Meeting").  *See* Khodorovsky Decl., ¶ 3.  No representatives of the Debtor appeared at the First Meeting.  *Id.*, ¶ 4.

2

On June 17, 2019, the Court entered an order (the "Status Conference Order"), which

directed the Debtor to:

> file with the Court, and serve upon the Office of the United States Trustee,
> monthly operating reports during the pendency of this case. . . and that the
> operating reports shall be served and filed on or before the 20th day of the
> month following the reporting period.

*See* ECF Doc. No. 9.

However, the Debtor has failed to file with the Court its monthly operating reports for

June 2019, July 2019, August 2019, and September 2019.  *See* Khodorovsky Decl., ¶ 5.  The

Debtor owes $650 in United States Trustee quarterly fees, pursuant to 28 U.S.C. § 1930(a)(6),

and any applicable interest thereon, pursuant to 31 U.S.C. § 3717.  *Id.*, ¶ 6.  Quarterly fees, and

applicable interest, will continue to accrue until the case is dismissed, converted, or closed by

means of a final decree, whichever happens earlier.

## LEGAL STANDARDS

### Cause to Dismiss or Convert

Section 1112(b) of the Bankruptcy Code provides, in part, that, on request of a party in

interest, an after notice and a hearing,

> the Court <u>shall</u> convert a case under this chapter to a case under chapter 7 or
> dismiss a case under this chapter, whichever is in the best interests of
> creditors and the estate, for cause unless the court determines that the
> appointment under section 1104(a) of a trustee or an examiner is in the best
> interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added) (as amended by the Bankruptcy Technical Corrections

Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010)).

Among others, the following enumerated factors provide cause to dismiss or convert:

3

      (a) failure to comply with reporting requirements in violation of 11 U.S.C. § 1112(b)(4)(F);

      (b) failure to attend meetings of creditors pursuant to 11 U.S.C. § 341 in violation of  11 U.S.C. § 1112(b)(4)(G); and

      (c) failure to pay outstanding United States Trustee quarterly fees in violation of 11 U.S.C. § 1112(b)(4)(K).

11 U.S.C. § 1112(b)(4).

## ARGUMENT

**A.    There is Cause to Dismiss or Convert this Case Because the Debtor Has Failed to Comply with the Administrative Requirements of the Bankruptcy Code.**

      Due to the Debtor's failure to file its operating reports, its failure to pay United States Trustee quarterly fees, and its failure to attend a meeting of creditors, the United States Trustee asserts that material grounds exist for relief under 11 U.S.C. § 1112.[1]  28 U.S.C. § 586(a)(8). These reasons also provide express cause for the dismissal or conversion of this chapter 11 case under Section 1112(b)(4).  11 U.S.C. § 1112(b)(4) (F), (G), (K).

**Failure to File Schedules and Operating Reports Constitutes Cause for Dismissal Under 11 U.S.C. § 1112(b)(4)(F)**

      Under 11 U.S.C. § 704(a)(8), as made applicable through 11 U.S.C. §§ 1107(a) and 1106(a)(1), and Rule 2015(a) of the Federal Rules of Bankruptcy Procedure, chapter 11 debtors are required to file periodic financial reports during the case.  "[T]imely and accurate financial disclosure is the lifeblood of the Chapter 11 process."  *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of

---

[1]   Under the BAPCPA, "in any case in which the United States trustee finds material grounds for relief under section 1112 [ ], the United States trustee shall apply promptly [for such] relief."  28 U.S.C. § 586(8).  *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

chapter 11 proceeding); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal). Thus, the failure to disclose timely and accurate financial information constitutes cause to dismiss or convert under Section 1112(b)(4)(F).

By failing to file monthly operating reports for the months of June 2019, July 2019, August 2019, and September 2019, the Debtor has engaged in "an unexcused failure to satisfy timely any filing or reporting requirement," 11 U.S.C. § 1112(b)(4)(F). The Debtor's failure to fulfill this important fiduciary obligation denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important information regarding the Debtor's financial affairs. For instance, the cash balance in the Debtor's estate, and the Debtor's administrative solvency are unknown.

**Failure to Attend Meeting of Creditors**
**Constitutes Cause for Dismissal**
**Under 11 U.S.C. § 1112(b)(4)(G)**

Pursuant to Section 1112(b)(4)(G), there is cause for dismissal or conversion if a debtor, without good cause shown, fails to attend meetings of creditors under Section 341(a). 11 U.S.C. § 1112(b)(4)(G). In this case, no representatives of the Debtor appeared at the Section 341(a) meeting of creditors that was noticed for and held on July 22, 2019. *See* Khodorovsky Decl., ¶¶ 3-4.

Consequently, there was no party who could be examined under oath at the meeting of creditors regarding the Debtor's financial affairs. Cause exists, therefore, to dismiss or convert the Debtor's case due to the Debtor's failure to attend the Section 341(a) meeting of creditors scheduled in this case.

5

**Failure to Pay United States**
**Trustee Quarterly Fees**
**Constitutes Cause for Dismissal**
**Under 11 U.S.C. § 1112(b)(4)(K)**

There is cause to dismiss or convert this case because the Debtor has failed to pay

statutory fees due to the United States Trustee, as required by 28 U.S.C. § 1930(a)(6).  *See* 11

U.S.C. § 1112(b)(4)(K).  The Debtor's liability for such fees and applicable interest is estimated

at $650.  *See In re Ad-Brite Corp.*, 290 B.R. 209, 220 (Bankr. S.D.N.Y. 2003) (converting

reorganization case to chapter 7 due to debtor's failure to pay statutory fees, among other

reasons).

**B.      The Court Should Dismiss this Case.**

The United States Trustee respectfully requests that the Court dismiss this chapter 11

case rather than convert it to chapter 7.  Dismissal in this case is preferable to conversion,

because the value of the Secured Claim exceeds the value of the Property, the Debtor's sole

valuable asset.  *See* Schedules A/B, D, ECF Doc. No. 1.  Therefore, it is unlikely that liquidation

of the Debtor's assets would yield any value to the Debtor's unsecured creditors.  Dismissal is,

therefore, preferable to conversion under these circumstances.

**C.      Notice**

The United States Trustee will serve the Motion and Memorandum of Law by first class

mail upon the Debtor, and all other parties that filed a notice of appearance in the case.  The

Court will serve a notice of motion on all creditors and parties in interest.  The United States

Trustee respectfully requests that this be deemed good and sufficient notice of the motion, and

that no further notice is necessary or required.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an

6

order dismissing this chapter 11 case, pursuant to 11 U.S.C. § 1112(b) or, in the alternative,

converting it to chapter 7, and granting such other and further relief as maybe deemed just and

proper.

Dated: West Orange, New Jersey
      October 27, 2019

                                  WILLIAM K. HARRINGTON
                                  UNITED STATES TRUSTEE, REGION 2

***By:***    ***/s/ Nazar Khodorovsky***
                  Nazar Khodorovsky
                  Trial Attorney
                  201 Varick Street, Suite 1006
                  New York, New York 10014
                  Tel. No. (212) 510-0500
                  Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

Perfect Home Repairs, Inc.,

                                                       Chapter 11

                    Debtor.                               Case No. 19-43647 (NHL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF NAZAR KHODOROVSKY IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR ORDER DISMISSING CHAPTER 11 CASE OR, <u>ALTERNATIVELY, CONVERTING THIS CASE TO CHAPTER 7</u>

        I am a Trial Attorney for movant, William K. Harrington, the United States Trustee for

Region 2 (the "United States Trustee"). Within his Office, I am responsible for monitoring the

chapter 11 case captioned above on his behalf. I make this declaration based on personal

knowledge, information and belief formed from records of the Office of the United States

Trustee, kept in the ordinary course of its business, and my personal review earlier today of the

docket of this case on the PACER information system. If called, I would testify to the following:

        1.      Perfect Home Repairs, Inc. (the "Debtor") commenced this case by filing a

voluntary petition under chapter 11 of the Bankruptcy Code on June 12, 2019 (the "Filing Date").

        2.      The United States Trustee has not been able to appoint an official committee of

unsecured creditors in this case.

        3.      The initial meeting of creditors pursuant to 11 U.S.C. § 341 in this case was

noticed for and held on July 22, 2019 (the "First Meeting").

        4.      No representatives of the Debtor appeared at the First Meeting.

        5.      The Debtor has failed to file with the Court its monthly operating reports for the

months of June 2019, July 2019, August 2019, and September 2019.

6.      The Debtor owes $650 in United States Trustee quarterly fees, pursuant to 28

U.S.C. § 1930(a)(6), and any applicable interest thereon, pursuant to 31 U.S.C. § 3717.


        I declare under penalty of perjury that the information contained in this Declaration is true

and correct.

Dated: West Orange, New Jersey
        October 27, 2019


                                        */s/ Nazar Khodorovsky*
                                        Nazar Khodorovsky